**UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA**

United State of America,　　　　　　　　　　Case No. 18-cr-80 (SRN/TNL)

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**ORDER**

Ruslan Furman,

　　　　Defendant.

Julie E. Allyn, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

James E. Ostgard, II, Ostgard Law Office, P.O. Box 582536, Minneapolis, MN 55458 (for Defendant).

　　　　This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. 33);

2. Defendant's Motion for Disclosure of Rule 404 Evidence (ECF No. 41);

3. Defendant's Motion for Disclosure of Impeaching Information and Exculpatory Evidence (ECF No. 42);

4. Defendant's Motion for Disclosure of Information Relating to Experts, Forensic Testing (ECF No. 44);

5. Defendant's Motion for Disclosure of Identities of Informants (ECF No. 45);

6. Defendant's Motion for Disclosure Pursuant to Rule 16 (ECF No. 46); and

7. Defendant's Motion for Grand Jury Transcripts of Witnesses Testifying at Motion Hearing (ECF No. 47).

1

These pretrial motions were set for a hearing on October 3, 2019. (ECF No. 51.) On October 2, the parties filed a stipulation entitled "Stipulations With Respect to Pre-Trial Motions" ("Stipulation") (Stip., ECF No. 68) that set forth certain agreements by the parties with respect to the pretrial motions and requested that the hearing be struck.[1] In accordance with the parties' agreement, the Court struck the hearing and took the motions under advisement on October 2. (ECF No. 69.)

Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 33) is **GRANTED IN PART** and **DENIED IN PART**. The motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2 as well as the establishment of deadlines for the disclosure of principal and rebuttal expert witnesses. Defendant has no objection to the Government's motion. (Stip. ¶ 1.) In the Stipulation, the parties agreed to reciprocal expert disclosures "as such opinions become available and no later than 14 days prior to trial." (Stip. ¶ 5.) The parties additionally stated that they "do not anticipate the likelihood of rebuttal experts at this time." (Stip. ¶ 1.) Therefore, the Government's motion is denied with respect to rebuttal experts and otherwise granted. No later than 14 days prior to trial, the parties shall make their respective expert disclosures. *See infra* ¶ 4.

2. Defendant's Motion for Disclosure of Rule 404 Evidence (ECF No. 41) is **GRANTED IN PART** and **DENIED IN PART**. Rule 404(b) requires the Government to

---

[1] Defendant also withdrew his Motion for Disclosure of Co-Conspirators and Statements (ECF No. 43). (Stip. ¶ 4.)

provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

In the Stipulation, the Government has "agree[d] to disclose then-known Rule 404(b) evidence 14 days prior to trial, and any after-acquired 404(b) evidence immediately upon its discovery." (Stip. ¶ 2.) Defendant is satisfied with the Government's response. (Stip. ¶ 2.)

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3. Defendant's Motion for Disclosure of Impeaching Information and Exculpatory Evidence (ECF No. 42) is **GRANTED IN PART** and **DENIED IN PART**. In the Stipulation, the Government acknowledges its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and states that it "will comply with those obligations." (Stip. ¶ 3.) Defendant is satisfied with the Government's response. (Stip. ¶ 3.)

Therefore, consistent with the parties' agreement, Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady* and its progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. *See infra* ¶ 5. Defendant's motion is otherwise denied.

If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

4. Defendant's Motion for Disclosure of Information Relating to Experts, Forensic Testing (ECF No. 44) is **GRANTED**. In the Stipulation, the parties have agreed to reciprocal disclosures no later than 14 days prior to trial. (Stip. ¶ 5.) Therefore, no later

than 14 days prior to trial, the parties shall make their respective disclosures. *See* Fed. R. Crim. P. 16(a)(1)(F), (G), (b)(1)(B), (C).

5. Defendant's Motion for Disclosure of Identifies of Informants (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART**. In the Stipulation, the Government has stated that it will "disclose the identity of any testifying informant or cooperating defendant 14 days prior to trial, and . . . provide any Jencks Act and *Giglio*[ *v. United States*, 405 U.S. 150 (1972),] material relating to such informant(s) or defendant(s) 7 days before trial." (Stip. ¶ 6.) Defendant is satisfied with the Government's response. (Stip. ¶ 6.)

Therefore, consistent with the parties' agreement, Defendant's motion is granted in part to the extent that the Government shall disclose the identity of any testifying informant or cooperating defendant 14 days prior to trial, and provide any Jencks Act and *Giglio* material relating to any such informant or defendant 7 days prior to trial. Defendant's motion is otherwise denied.

6. Defendant's Motion for Disclosure Pursuant to Rule 16 (ECF No. 46) is **GRANTED**. In the Stipulation, the parties acknowledge their mutual obligations under Fed. R. Crim. P. 16 and will comply with those obligations. (Stip. ¶ 7.)

7. Defendant's Motion for Grand Jury Transcripts of Witnesses Testifying at Motion Hearing (ECF No. 47) is **MOOT**. Defendant's motion requests that the Government "provide the grand jury transcripts of any witnesses it intends to call at the motion hearing." As stated above, the parties requested that the motion hearing be struck and the Court struck the hearing.

8. All prior consistent orders remain in full force and effect.

9. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October 23, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Furman*
Case No. 18-cr-80 (SRN/TNL)